UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 6, 2005
Decided May 3, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1066

| | |
|---|---|
| BEUGRE S. NEHAN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>J.B. HUNT TRANSPORTATION,<br>INC.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 98-cv-05840<br><br>Wayne R. Andersen,<br>*Judge.* |

**O R D E R**

Beugre Nehan appeals the jury's verdict in favor of his employer J.B. Hunt Transportation, Inc. ("Hunt"), based solely on his argument that it is unconstitutional *per se* for an all-white jury to hear a case in which a black plaintiff alleges discrimination. The jury rejected Nehan's claims under Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. We affirm.

Nehan filed a complaint pursuant to Title VII and Section 1981, alleging that Hunt discriminated against him based on his race and national origin. (Nehan is black and a native of Cote d'Ivoire, or Ivory Coast.) The case proceeded to trial and was heard by a jury. The record does not reflect the composition of the venire and Nehan failed to provide us with the required transcript of the proceedings, but the

district court commented, in its order denying Nehan's post-trial motion challenging the jury's composition, that all of the jurors seated were white. Nehan simply stated that the "panel of potential jurors was overwhelmingly white," but he did not order a transcript of the jury selection or trial because he "could not afford to pay for the voluminous transcript." The jury found in Hunt's favor.

Following the verdict, Nehan initially challenged the composition of the jury in a Federal Rule of Civil Procedure 50(b) post-trial motion. The motion was not based on a *Batson*-type challenge to Hunt's selection of jurors as one would expect, *see Batson v. Kentucky*, 476 U.S. 79 (1986), but rather on a vague due process argument that "there [should] be at least 25 percent representation of the race of each significant person or party to the controversy in that final Jury makeup" when a case involves racial discrimination. The motion failed to specify the significance of the 25 percent figure and cited no legal authority. The district court denied the motion, stating that Nehan had "no legal right to a jury composed of members of his same race" and that "the jury selection process was fair" as a matter of law. The court also observed that, while Nehan did not raise *Batson* as grounds for his argument, there was "no reason to believe defense counsel used his peremptory challenges to strike potential jurors based on their race."

On appeal Nehan argues that the Constitution requires a "balanced panel of jurors," including some unspecified number of black jurors when a black plaintiff brings a claim of discrimination. The argument, according to Nehan, stems from his "right to a fair and impartial jury." He does not argue that the specific jurors in this case were biased, but rather that *any* all-white jury possesses an inherent bias that makes it unqualified to judge the merits of a discrimination claim involving a black plaintiff. He asserts that "[a]n all white jury is a humiliation and oppression of the black plaintiff."

Nehan's suggestion that the composition of his venire or petit jury violated his right to due process is without merit. Though Nehan asserts that due process was offended because his jury was comprised solely of white jurors, the Supreme Court has held that a defendants is not entitled to a jury composed of members of his race. *Batson*, 476 U.S. at 85; *see also United States v. Nururdin*, 8 F.3d 1187, 1189-90 (7th Cir. 1993) (all-white jury did not violate defendant's Fifth and Sixth Amendment rights to impartial jury). Nehan could have challenged any discriminatory use of peremptory challenges by Hunt during *voir dire*, *see Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 630 (1991) ("[C]ourts must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges in a civil trial."); *Alverio v. Sam's Warehouse Club, Inc.*, 253 F.3d 933, 939 (7th Cir. 2001) (observing that *Batson* applies to civil proceedings), but he did not and thus has waived the claim on appeal, *see Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 561-62 (5th Cir. 2002); *McCrory v. Henderson*, 82 F.3d 1243,

1249 (2d Cir. 1996) ("[T]he failure to object to the discriminatory use of peremptory challenges prior to the conclusion of jury selection waives the objection.").  Finally, Nehan could have pursued a statutory challenge to the composition of his jury under the Jury Selection and Service Act, *see* 28 U.S.C. § 1861 *et seq.*, but he did not.  The Act requires a civil plaintiff to raise his challenge within 7 days of the time he knew or should have known of the court's failure to comply with the Act. *See id.* § 1867(c), (e).  Nehan's failure to rely on the Act in the district court waives a statutory claim on appeal.  *See United States v. Young*, 38 F.3d 338, 342 (7th Cir. 1994); *United States v. Williams*, 264 F.3d 561, 586 n.3 (5th Cir. 2001).

AFFIRMED.